Law Offices of
GEORGE C. BOISSEAU
State Bar Number 75872
740 4th Street
Second Floor
Santa Rosa, California 95404
Phone: (707) 578-5636
Fax: (707) 578-1141
E-Mail: boisseaugc@msn.com

Attorney for Defendant
LEYDIS YANETH CRUZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEYDIS YANETH CRUZ, ) <br> ) <br> Defendant. ) <br> _____ ) | CR-20-0480-WHA <br><br> DEFENDANT'S <br> MOTION FOR COMPASSIONATE <br> RELEASE |

The defendant, LEYDIS YANETH CRUZ (CRUZ), by and through her counsel of record, George C. Boisseau, hereby requests that this Court grant her motion for compassionate release and sentence her to time served or place her on immediate supervision under house arrest.

STATEMENT OF RELEVANT FACTS

On December 7, 2021, CRUZ entered a plea of guilty to Count Five of the Indictment, charging a violation of 21 U.S.C. §§841(a)(1), (b)(1)(C)–distribution of 40 grams or more of fentanyl.[1]  She was sentencing by this Court on or about April 12, 2022 to 38-months custody,

---

[1] CRUZ was indicted on December 16, 2020–charged with others, including her daughter and son, with nine-counts of narcotics distribution. She is subject to deportation to Honduras after these proceedings.

1

DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

4-years of supervised release with conditions, and a special assessment fee of $100.  (See Doc. 213, entered on or about April 18, 2022.)

CRUZ is currently incarcerated at FCI Dublin.  Her projected release date is August 22, 2023.

## INTRODUCTION

CRUZ is requesting this Court grant compassionate release to time served, or place her on immediate supervision, so she can obtain custody of her daughter.  As pointed out to this Court at sentencing, CRUZ's daughter (now seven year old) was in foster care while CRUZ was being detained.  According to her letter to the court, CRUZ's daughter is suffering from depression due to her mother's continued incarceration.  (See Doc. 223.)  CRUZ is extremely concerned that her daughter may be placed for adoption before CRUZ is released from custody.

CRUZ also is experiencing health issues which she believes are not being adequately taken care of by the medical staff at FCI Dublin.  She suffers from hypertension, pre-diabetes, high cholesterol, thyroid problems, and migraines.  CRUZ believes she almost suffered a stroke at the institution and that none of her medical concerns have been adequately addressed by the staff.

CRUZ is requesting only what amounts to an approximate three-month reduction in her sentence.  Subject to action by ICE[2], CRUZ believes this gives her time to regain custody of her daughter and obtain proper medical treatment for her deteriorating health.

CRUZ, and others including her daughter Pamela Carrero and son Emilson Cruz Mayorquin, sold narcotics in the Bay Area.  CRUZ was introduced to the narcotics business by her former boyfriend, Jairo Noel Rodriquez-Perez.  Before meeting Rodriquez-Perez, CRUZ worked hard in construction and manufacturing jobs in various cities of the United States.  She also cleaned homes and worked long hours as an unskilled worker, barely making ends meet in the best of times.

---

[2]   CRUZ is a citizen of Honduras and faces deportation as a result of her conviction.

2

DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

As fully stated at sentencing, CRUZ knows she made a mistake in getting into the narcotics business and is paying the consequences for giving up honest hard work for an illusion of an easier lifestyle. It was not particularly lucrative work and, regardless of role she played in the organization, CRUZ was not good at it. She cannot, in good conscience, accept anything other than full responsibility for her actions and cannot blame others for her poor choices. Her children are in custody and, as their mother, should have been a better role model. She cannot even fully explain to her youngest daughter Kimberly what she did to cause their separation. In her mind, there is just not enough money in the world to make up for the separation pain she feels now. And worse yet, she has not fully grasped the reality that she may lose Kimberly forever.

CRUZ continues to thank all the people who are trying to help her–the dependency attorneys in her child custody hearings, the probation officer who patiently listened to and reported accurately CRUZ's long personal history, and the agents and Assistant United States Attorney who sat in on her safety valve proffer. She is also thankful for this Court for listening to her and treating her fairly at sentencing. She hopes to have a chance to prove to the Court that she is more as a person than the sum total of her misdeeds. But right now, CRUZ needs the Court's help to reduce her sentence.

The mental and physical abused CRUZ suffered in the past continues to take a toll on her. She is in poor health and mentally distraught about the prospects of losing her daughter. Her religion and belief in God helps her cope during these dark days. It gives her strength to persevere when sometimes she feels lost and hopeless. Right now, though, she needs more than divine intervention.

A time served sentence or immediate release to supervision, perhaps only a reduction of about three-months from the original 38-month sentence imposed by the Court, will be consistent with the sentencing goals set out in 18 U.S.C. §3553(a). Such a sentence will serve as a deterrent to others, protect the community and, at the same time, allow CRUZ to get on with the her. At this point, CRUZ wants to regain custody of her daughter and recover her

health. She eventually wants the opportunity to reenter the community in Honduras, resume employment, be a role model to her children, and demonstrate that she can be a good mother and person while contributing to the community.

I.

<u>THIS COURT SHOULD GRANT CRUZ'S REQUEST FOR COMPASSIONATE RELEASE AND MODIFY HER SENTENCE TO ALLOW FOR HER RELEASE TO THE COMMUNITY SO SHE CAN REGAIN CUSTODY OF HER SEVEN-YEAR OLD DAUGHTER AND OBTAIN PROPER MEDICAL CARE</u>.

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see, *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release provides an exception in rare cases.

Section 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (I) extraordinary and compelling reasons warrant such a reduction; [...]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Policy Statement issued by the United States Sentencing Commission, §1.B.1.13 of the U.S. Sentencing Guidelines, Application Note 1 to §1B1.13, identifies extraordinary and compelling reasons in four categories: 1) the medical condition of the defendant, 2) age of the defendant, 3) family circumstances, and 4) other reasons, as determined by the Director of the BOP, in a defendant's case amounting to an extraordinary and compelling reason,"other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. §1B1.13 cmt. n. 1(A)–(D) (U.S.S.G. Guidelines Manual, November 1, 2021.) The Policy Statement also requires a finding that "the defendant is not a danger to the

safety of any other person or to the community provided in 18 U.S.C. §3142(g)." §1B1.13(2) Finally, the Policy Statement notes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction)." *Id.* n.4.

A defendant seeking a reduction in his or her terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. §3582(c)(1)(A). [3] See *United States v. Barber*, 466 F. Supp. 3d 1127, 1128–29 (D. Or. 2020) Thus, for the Court to exercise its authority under 18 U.S.C. § 3582(c)(1)(A) to reduce defendant's sentence, it must 1) find the appropriate administrative remedies were exhausted

---

[3] The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. §3582(c)(1)(A). In order to be eligible for compassionate release, the defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. §3553(a) and that he is not a danger to the safety of others or the community. 18 U.S.C. §3582(c)(1)(A); U.S.S.G. § 1B1.13(2). The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. §1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. §1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. §1B1.13, Application Note 1.

and the statutorily prescribed time period has passed, 2) find that extraordinary and compelling reasons exist for a sentence reduction, 3) consider the sentencing factors under 18 U.S.C. § 3553(a), and 4) ensure any reduction is consistent with applicable policy statements from the sentencing commission.

In this case there are extraordinary and compelling reasons warranting a sentence reduction. The scenario provided in U.S.S.G. §1B1.13 cmt. n. 1(A)(ii), in combination with cmt. n. 1(D), applies in this case. Under §1B1.13 cmt. n. 1(A)(ii), extraordinary and compelling reasons exist, *inter alia*, when "the defendant is suffering from a serious physical or medical condition, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[4] *Id.*

CRUZ's health condition is fragile, making her acutely at risk for a stroke and even for COVID-19. She suffers from hypertension, obesity, is pre-diabetic, has high cholesterol, has problems with her thyroid, and has severe migraines. See *United States v. Barber*, 466 F. Supp. 3d 1127, 1129–34 (D. Or. 2020)  It is well documented that hypertension issues are associated with increased risk of stroke, COVID-19 infection, and even worse outcomes in

---

[4] Alternatively, §1B1.13, as currently written, would not constrain this Court's ability to find extraordinary and compelling reasons here. As the Sentencing Commission's policy statement was not amended after enactment of the FSA "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release" ... "because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020); (citing *Brown*, 411 F. Supp. 3d at 447, 499 (canvassing district court decisions)); *see also United States v. Redd*, 444 F.Supp.3d 717, 724 (E.D. Va. 2020) ("[T]here does not currently exist, for the purposes of satisfying the ["FSA's"] 'consistency' requirement, an 'applicable policy statement.' ") Therefore, this Court is "not constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, 458 F.Supp.3d 838, 845 (M.D. Tenn, Mar. 4, 2020); *see also United States v. Perez*, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) ("[A] majority of federal district courts have found that the most natural reading of the amended §3582(c) and §994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it.")

DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

lung injury and mortality.[5] *See* Ernesto L Schiffrin, John M Flack, Sadayoshi Ito, Paul Muntner, & R Clinton Webb, *Hypertension and COVID-19*, American Journal of Hypertension, Volume 33, Issue 5, May 2020, at 373–374.5 It has also been reported the diabetes places an individual both at higher risk for contracting the virus as well as developing severe complications from infection. Hussain, A., Bhowmik, B., & do Vale Moreira, N. C. (2020). *COVID-19 and diabetes: Knowledge in progress.* Diabetes Research and Clinical

---

[5]
**(A) Medical Condition of the Defendant.--**

(I) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

...

**(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1. The application notes further state, "For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." §1B1.13 cmt. n.2.

Practice, Vol 162, 108142, April 9, 2020, [published online ahead of print] https://doi.org/10.1016/j.diabres.2020.108142.

    Even setting aside CRUZ's deteriorating health, conditions which were present and observable at sentencing, the risk that she will lose custody of her young daughter is a compelling further reason to grant this request for compassionate release. Her continued incarceration serves no one's interest but is causing severe mental distress to her daughter.

    In this regard, the applicable §3553(a) factors support CRUZ's request for compassionate release and that she will not pose a threat to the community. Further, she has already served most of her sentence and the requested relief pales to the time already served for this offense. A time served sentence at this point adequately expresses the seriousness of the offense, deters criminal conduct, and protects the public under §3553(a).

    Further, CRUZ will still remain on supervision for four years following release. If during that time she fails to comply with the conditions of that supervision, she will be at risk for a return to incarceration. This Court can reduce her sentence to time served or place CRUZ on home confinement for the remainder of her original term of incarceration, which may run the entire term of her supervised release.

## II.

## CURRENT INCARCERATION

    CRUZ has been in custody since December 10, 2020. She has been housed in the Santa Rita facility during this most difficult of times with the COVID-19 pandemic. Still, CRUZ participated in all the treatment and vocational training programs available, although admittedly there were fewer programs in that facility than before the pandemic. By participating in drug treatment and educational programs during her incarceration, she has made much progress in understanding herself and what she must do to change her life. CRUZ now has greater insight as to why she became involved in distributing narcotics. She believes that this understanding will help her in coping with relationships and obtaining meaningful

employment to support her family. With these tools, and continued counseling, she is confident she can be a better person and mother than she had been in the past.

    CRUZ requests that her personal and family history, environment, and lack of criminal history be acknowledged as circumstances warranting compassionate release to time served or immediate placement on supervision. She had originally requested a downward variance pursuant to 18 U.S.C. §3553(a) to a 24-month custodial sentence. Her request at this time is just an estimated 3-month reduction of the 38-month sentence imposed by this Court.

    Sentencing courts must give "meaningful consideration" to all of the statutory factors in 18 U.S.C. §3553(a), even when considering a compassionate release reduction.

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for–(A) the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines...; (5) any pertinent policy statement...issued by the Sentencing Commission...that is in effect on the date the defendant is sentenced.; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

(18 U.S.C. §3553). Section 3553(a) clearly states that a court must impose a sentence that is "sufficient but not greater than necessary to comply with the purposes of sentencing. This requirement is often referred to as 'the parsimony provision," and the Supreme Court has referred to it as the "overarching instruction" of 18 U.S.C. §3553(a). See *Kimbrough v. United States,* 552 U.S. 85 (2007).

    CRUZ admitted her responsibility early on in these proceedings. Formerly prone to making impulsive decisions, egged on by the manipulative behavior of others who abused her, CRUZ wants to do better. She sincerely regrets her actions and knows that her punishment in

this case required imprisonment. She has had much time in the past several months to reflect upon her actions and what led her to make such poor decisions. Rather than blame others for her conduct, she has decided to accept responsibility for her own actions and, at the same time, accept the help of what remains of her family. She sincerely regrets the impact her decisions has had upon them and will do all she can to undo the harm she has caused. encouraged. As to her seven-year old daughter Kimberly, CRUZ hopes that she can forgive her and be reunited immediately so that she does not lose custody. She will do everything she can to provide a loving and nurturing environment for Kimberly in the future.

## CONCLUSION

For the foregoing reasons, CRUZ respectfully requests that this Court impose a time served sentence or place her on supervision for the remainder of her 38-month sentence. Her projected release is now August 22, 2023. Such a reduction is reasonable and consistent with the factors set out in 18 U.S.C. §3553(a), addressing punishment, treatment and rehabilitation.

Dated: March 24, 2023

                                                                                   Respectfully submitted,

                                                                                    /s/
                                                                       GEORGE C. BOISSEAU

                                                                       Attorney for Defendant
                                                                       LEYDIS YANETH CRUZ

DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE