ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LEYDIS YANETH CRUZ,<br><br>    Defendant. | CASE NO. 20-480-02 WHA<br><br>UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY |

Defendant Leydis Yaneth Cruz is currently serving a 38-month sentence for her conviction for trafficking fentanyl, at FCI Dublin, with an anticipated release date of August 22, 2023. Dkt. 213, Judgment; http:bop.gov/inmateloc. She seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkts. 223, Def. Letter, 225, Def. Mot. for Release. The government opposes Defendant's motion.

The Court should deny Defendant's motion because she has not exhausted administrative remedies required prior to seeking judicial review and she cannot meet her burden of establishing extraordinary and compelling reasons warranting early release.

## BACKGROUND

Defendant was charged with violations of 21 U.S.C. § 841(a)(1) (drug trafficking) and § 846 (drug trafficking conspiracy). Dkt. 23, Indictment. Following a contested hearing, the Court ordered Cruz detained pretrial. *See* Dkt. 45, Minute Entry.

On December 7, 2021, Defendant was convicted pursuant to a plea agreement of distribution of fentanyl. *See* Dkt. 140, Minute Entry, Dkt.133 Plea Agreement. On April 12, 2022, this Court sentenced Defendant to 38 months' imprisonment followed by four years of supervised release. *See* Dkt. 212, Minute Entry, Dkt. 213, Judgment. Cruz is presently serving her sentence at FCI Dublin in California, with a projected release date of August 22, 2023. http:bop.gov/inmateloc.

Defendant is presently 44 years old. The U.S. Probation Office's Presentence Investigation Report (PSR) noted that Defendant suffered from high blood pressure, high cholesterol, and bone pain from a prior injury. Dkt. 203, PSR ¶ 55. It also noted that Cruz struggled with depression and had been seeing a counselor while in custody pretrial. *Id.* ¶ 56.

In response to Defendant's motion, the government received Cruz's medical records from the Bureau of Prisons (BOP) and produced them to counsel on March 27, 2023.[1] However, because undersigned counsel was on parental leave at the time that Cruz submitted her initial letter seeking consideration by the Court, the medical records were not obtained and shared with defense counsel prior to the filing of counsel's formal motion for release (which was filed on March 24, 2023). Late in the

---

[1] The government will file Cruz's medical records concurrently with this briefing and will seek leave to file the documents under seal based on the personal information contained therein.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

1

day on March 24, 2023, undersigned counsel communicated with defense counsel and indicated that the government would obtain Cruz's medical records in conjunction with its briefing. The government has no objection to defense seeking leave to supplement its submission to the Court based on the receipt of these documents.

As described further below, a review of the medical records demonstrates that Cruz has consistently received medical care for her conditions and has been monitored appropriately by medical staff. Additionally, she is fully vaccinated against COVID-19. *See* Declaration of Sailaja M. Paidipaty (Paidipaty Decl.), Exh. A, Medical Records at 95, 111. There is no factual basis supporting Cruz's claim that she is receiving inadequate care requiring a sentence modification.

**ARGUMENT**

**I.    APPLICABLE LAW**

District courts generally "may not modify a term of imprisonment once it has been imposed" except in very limited circumstances. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819, 826 (2010) (providing a framework for evaluating motions made pursuant to 18 U.S.C. § 3582(c)(2)). One of the narrow exceptions is § 3582(c)(1)(A)—also known as "compassionate release"—which permits district courts to reduce an otherwise final sentence if the defendant has presented "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021); *see also United States v. Wright*, 46 F.4th 938, 944-45 (9th Cir. 2022) ("As compassionate release derogates from the principle of finality, it is a 'narrow' remedy, and the court's disposition of a compassionate release motion is discretionary, not mandatory[.]") (internal citations and quotations omitted).

In order to prevail on a compassionate release motion, a defendant must meet procedural and substantive requirements. Procedurally, after passage of the First Step Act, a defendant may directly file a motion for a reduction in sentence with the district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

2

1278 (9th Cir. 2021) (describing the administrative exhaustion requirement).

Substantively, a defendant must establish three criteria before a district court may reduce his or her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). "First, the district court must determine whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Wright*, 46 F.4th at 945 (citation omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Second, the court must evaluate whether a reduction would be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotations omitted). "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Id.* (internal quotations omitted). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.* (citing *Keller*, 2 F.4th at 1284).

The Ninth Circuit has held, along with the majority of circuits to address the issue, that USSG § 1B1.13 is not an "applicable" policy statement within the meaning of § 3582(c)(1)(A) for motions filed by a defendant, rather than the Director of BOP. *Aruda*, 993 F.3d at 800-02; *but see United States v. Bryant*, 996 F.3d 1243, 1247-48, 1251-65 (11th Cir. 2021) (holding policy statement is binding on district courts and thus claims based on changes of the First Step Act to § 924(c) cannot qualify).[2] It also held that—while not binding—"U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant[.]" *Aruda*, 993 F.3d at 802; *accord United States v. Gunn*, 980 F.3d 1178, 1179-81 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). And, regardless of the policy statement, Congress has explicitly stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

---

[2] The government hereby preserves its argument that the policy statement is binding, and *Aruda* was wrongly decided.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

3

As a permissible source to "inform" a court's discretion under *Aruda*, USSG § 1B1.13 describes "extraordinary and compelling reasons" to include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, or (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories as determined by the Director of BOP. USSG § 1B1.13, cmt. n.1. It also advises that relief should not be granted for a defendant who poses "a danger to the safety of any other person or to the community." USSG § 1B1.13(2). The Eleventh Circuit noted that the policy statement furthers the purpose behind the statutory scheme "to limit discretion and to bring certainty and uniformity to sentencing." *Bryant*, 996 F.3d at 1257.

Guided by the above legal principles, the defendant bears the burden of demonstrating that he or she is eligible for a sentencing reduction under 18 U.S.C. § 3582(c)(1)(A). *See Wright*, 46 F.4th at 951.

## II.    DEFENDANT HAS NOT ADMINISTRATIVELY EXHAUSTED

The first requirement for a defendant seeking the extraordinary relief of compassionate release under 18 U.S.C. § 3582(c)(1)(A) is that she exhaust administrative remedies. As of March 27, 2023, Defendant has not submitted a request for release to the BOP. Paidipaty Decl. ¶ 3. Under the clear text of 18 U.S.C. § 3582(c)(1)(A), this Court therefore cannot modify her sentence.

Binding Ninth Circuit precedent states that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." *Keller*, 2 F.4th at 1282; *see also Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) (stating that claim-processing rules are those that "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times" and quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam) (internal quotation and alterations omitted)). "A court may not excuse a defendant's failure to comply with a statutory exhaustion requirement." *United States v. Fuentes*, 834 F. App'x 414, 415 (9th Cir. 2021) (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)). A statutory exhaustion scheme such as is included in § 3582(c)(1) is a "mandatory exhaustion regime[ ], foreclosing judicial discretion" and requires dismissal where raised. *Ross v. Blake*, 578 U.S.

632, 639 (2016). The government raises the rule here, and it must be enforced. *See Keller*, 2 F.4th at 1282-83.

In the context of compassionate release, it is the defendant's burden to demonstrate administrative exhaustion. *United States v. Van Sickle*, No. CR18-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases). Cruz has failed to meet this burden, and the Court should dismiss her motion on that basis alone. *See Keller*, 2 F.4th at 1283 n.2 (noting that a court need not address the merits when denying a compassionate release motion for failure to exhaust administrative remedies).

### III. REDUCTION OF DEFENDANT'S SENTENCE IS NOT WARRANTED

Defendant cites two main bases for reduction of her sentence: (i) her medical conditions, which she claims are being inadequately addressed while in BOP custody; and (ii) her separation from her daughter who was taken into protective custody at the time of Defendant's arrest. Medical records show that Cruz is receiving continual medical care at FCI Dublin for the ailments that she cites in her motion. While the COVID-19 pandemic is an extraordinary world event, Defendant has failed to show that that its impact on her, specifically, warrants immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A), particularly as Cruz is vaccinated against the novel coronavirus. Further, while the government recognizes the gravity of Defendant's child custody matter, the Court considered this at the time of Cruz's sentencing. Defendant points to no new circumstances requiring reconsideration or a reduction in sentence.

**A.  Defendant has not presented extraordinary and compelling reasons warranting her release**

**1.  Defendant's medical conditions are being appropriately managed within a custodial setting.**

Here, Defendant suffers from hypertension, pre-diabetes, high cholesterol, hypothyroidism, and severe migraines. With respect to COVID-19, these risk factors no longer establish "extraordinary and compelling" reasons for early release because she has been vaccinated. *See* Paidipaty Decl., Exh. A, Medical Records at 95, 111. "Since vaccinations have become widespread in the Bureau of Prisons,

courts in the Ninth Circuit have consistently refused compassionate release requests based on the threat of COVID-19 from inmates or detainees who have been fully vaccinated." *United States v. Schmuel*, No. 19-cr-03006-BAS-1, 2022 WL 623914, at *2 (S.D. Cal. Mar. 2, 2022) (collecting cases).

Moreover, a review of Defendant's medical records shows that she is receiving appropriate treatment for her medical conditions. In response to Cruz's requests to be seen, medical personnel have conducted physical examinations, run tests, and discussed treatment plans with Defendant. Staff have been responsive enough to see Cruz within 24 hours of a medical complaint. For example, on March 12, 2023, she informed a nurse that she had been having pain in her chest and left arm beginning the prior night and continuing through the day of the exam. *See* Medical Records at 1. Records show that Cruz's lungs were examined and an EKG was conducted. *Id.* at 2. Providers concluded that the pain may be related to gastrointestinal concerns (GERD). *Id.* They provided medication and discussed future steps to mitigate the issue. *Id.* On a prior occasion when Cruz complained of pain in her left arm, staff performed an x-ray to evaluate her condition. *Id.* at 29. Clinicians are therefore responding to Cruz's requests to be seen and are ordering medical tests as necessary to thoroughly evaluate her condition.

Another condition cited in Cruz's motion, hypothyroidism, is also being monitored by medical staff. *See, e.g.*, Medical Records at 8, 10. However, on two occasions, Cruz failed to pick up her prescribed medication and therefore has only been in partial compliance with the advice of medical personnel. *See, e.g.*, Medical Records at 8, 24. Similarly, while the BOP has actively attempted to treat Cruz's mental health concerns, records indicate that Defendant has refused to comply with medication prescribed for her anxiety. On February 7, 2023, Cruz informed a nurse that she was suffering from anxiety, vertigo, and migraines. Medical Records at 13. Cruz believed her conditions were worsened by having the top bunk while in custody. *Id.* Medical notes indicate that though Cruz had been prescribed two drugs for treatment of her anxiety, she refused to take them and had not picked them up for nearly five months. *Id.*; *see also id.* at 24. She informed the nurse that she "doesn't want to take any medications." *Id.* at 13. As recently as last month, personnel explained to Cruz that failure to take the prescribed medication may result in worsening symptoms of anxiety. *See id.* at 149. Records also indicate that Cruz was non-compliant with medication prescribed for her back pain. *See id.* at 30-31.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

6

Far from ignoring her complaints, the BOP has attempted to address her medical conditions, but has been met with resistance. The work of a medical provider is limited by a patient's compliance and agreement to treatment. Records indicate Cruz's inconsistent acceptance of medical assistance. She, therefore, cannot assert that she has received inadequate care or suffers from such severe conditions that she cannot be treated within a custodial setting. The government does not diminish the difficulty of dealing with these medical conditions, but rather underscores that these are ailments that can be managed in custody and BOP medical staff have attempted to treat Cruz. Defendant's medical claims do not rise to the level of extraordinary and compelling medical circumstances requiring early release.

### 2. Defendant's child custody case was considered at sentencing and does not warrant early release.

While the government recognizes the import of Defendant's child custody case, this consideration was discussed at length at the time of sentencing. The Court conducted extended diligence into family court procedures during Cruz's sentencing and the sentencing of her daughter and co-defendant, Pamela Carrero who faced similar circumstances with her son. The Court considered the impact of the separation from her daughter when evaluating the sentencing factors under 18 U.S.C. § 3553(a), but also noted that in imposing sentence it did not want to influence the state court's determination one way or another. Cruz now seeks early release for the same reasons presented at the time of sentencing. Compassionate release is not a vehicle for wholesale resentencing, but rather is a limited exception to the rule barring sentence modification. Cruz has not presented any changed circumstances since the time of sentencing let alone circumstances that rise to the level of falling within the exception for "extraordinary" and "compelling" circumstances.

### B. The remaining Section 3553(a) factors weigh against her release.

Finally, the remaining factors under 18 U.S.C. § 3553(a) also do not support Defendant's requested release. As the Court highlighted at sentencing, Defendant distributed significant quantities of fentanyl, a drug that is responsible for two overdose deaths daily in the city of San Francisco. As noted in the PSR, Cruz sold both powder fentanyl as well as fentanyl contained in counterfeit pharmaceutical pills. Dkt. 203, PSR ¶ 16. This District is in the midst of a fentanyl epidemic and consideration of the

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

offense conduct required the Court to impose a significant sentence.  The Court recognized the severity of the offense and in balancing the sentencing factors ultimately imposed a downward variance of 8 months from the low-end of the applicable U.S. Sentencing Guidelines Range.  *See* Dkt. 214, Stmt of Reasons.  Having received a lenient sentence, a further reduction of custodial time is not warranted and would undermine the balancing of the § 3553(a) factors.

## CONCLUSION

Defendant did not exhaust all administrative remedies prior to seeking judicial review.  In addition, Cruz has not presented evidence of a serious medical condition that substantially diminishes her ability to provide self-care or any other extraordinary or compelling reason to warrant a reduced sentence.  Additionally, re-balancing the § 3553(a) factors does not warrant the reduction Defendant seeks.  This Court should therefore deny Defendant's motion for immediate release under 18 U.S.C. § 3582(c)(1)(A)(i).

DATED:  March 28, 2023 

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

  /s/
SAILAJA M. PAIDIPATY
Assistant United States Attorney

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

8